**10 CIV. 9545**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------

DONNELL BAINES,
        PLAINTIFF,

    V.

THE CITY of NEW YORK,
NEW YORK POLICE DEPT.,
OFFICER JOHN DOE #1,
OFFICER JOHN DOE #2,
OFFICER JOHN DOE #3,
OFFICER JOHN DOE #4,
        DEFENDANT.
------------------------------------

42 U.S.C. 1983

VERIFIED COMPLAINT
JURY TRIAL DEMANDED

## JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. 1983, to redress the deprivation, under color of law, of rights secured by the Constitution of the United States. This Court has jurisdiction under 28 U.S.C. 1331 and 1343 (a) (3) and Southern District of New York is appropiate and supplement jurisdiction under 28 U.S.C. 1367.

2. This Civil action is brought for the redress of the unlawful entry into the home without a warrant, search and seizure which occured inside the home without a warrant.

3. Donnell Baines at all times relevant to the Complaint is the Plaintiff in the above encartioned matter and is a resident of the United States.

4. The City of New York is a municipal corporation organized under the laws of the State of New York and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between Defendant City and the New York City Police Department (N.Y.R.D.), at all times

relevant to the complaint are municipal government defendants.

5. Defendant, John Doe #1, N.Y.P.D. uniformed officer at all times relevant mentioned herein herein violated the Civil Rights of the Plaintiff under Color of State Law 42 U.S.C. 1983.

6. Defendant John Doe #2, N.Y.P.D. uniformed officer at all times relevant mentioned herein violated the Civil Rights of the Plaintiff under Color of State Law 42 U.S.C. 1983.

7. Defendant John Doe #3, N.Y.P.D. uniformed officer at all times relevant mentioned herein violated the Civil Rights of the Plaintiff under the Color of State Law 42 U.S.C. 1983.

8. Defendant John Doe #4, N.Y.P.D. uniformed officers at all times relevant mentioned herein violated the Civil Rights of the Plaintiff under Color of State Law 42 U.S.C. 1983.

## FACTS OF THE CASE

9. On December 9, 2009, at or about 7:30 p.m., That day the above named Defendants appeared at the residence of the plaintiff and proceeded to "jiggle" the handle to Plaintiff's front door.

10. Plaintiff, out of fear and curiosity, walked to the front door and asked "who it was," but, the Defendants did not identify themselves.

11. Plaintiff heard the sound of shaking keys and his lock was unlocked from the outside by the Defendants who quickly pushed their way into the darkened hallway inside Plaintiff's apartment.

12. Plaintiff backed away from the door, turned and tried to run into the open living space of his apartment to escape the intruders, defendants.

13. Defendants screamed "freeze or I'll shoot" which made the plaintiff stop and surrender.

14. Defendants had their guns drawn and aimed at plaintiff.

15. Plaintiff was roughly handled by defendants John Doe #1 and John Doe # 2, who forced plaintiff to lay face down on his stomach, with his hands behind his head, and plaintiff was made to cross his feet in a submissive position.

16.     Defendant, John Doe #1, then sat on plaintiffs lower back, removed plaintiff's hands from behind his head, and placed them behind his back in a jerking fashion which caused plaintiff to suffer pain.

17.     Defendant, John Doe #1, then handcuffed the plaintiff, while defendant, John Doe #2, asked the plaintiff, "So you like to beat girls up huh?, what if we beat you up?"

18.     Plaintiff in fear stated that he had " done nothing wrong, please don't beat me up," begging defendants John Doe #1 and #2 not to harm him.

19.     Defendant John Doe #1 then got up off the lower back of the plaintiff and then lifted the plaintiff up to a standing position by pulling on the cuffs which caused the Plaintiff substantial pain.

20.     Defendant John Doe #2 made a threatening gesture at this time, in the form of being about to hit the plaintiff, which cause the plaintiff to fear harm at the hands of the Defendants.

21.     Plaintiff jerked backward in fear of being hit and Defendant John Doe #1, still having hold of the cuffs said "See, he's not a man, He's a scared little girl himself.

22.     Defendant John Doe #1 then pulled downward on plaintiff cuffs, at the same time saying "have a seat then little girl," using enough force to cause plaintiff to fall in the center of the floor in a seated position.

23.     Plaintiff feeling fear, began to cry and asked "what did I do?" to which the Defendant John Doe #1 and #2 responded "shut up!" "You know what you did."

24. Plaintiff then stated "I don't know what's going on but I'm cooperating, please don't hurt me anymore."

25. At this time there was no arrest warrant for Plaintiff Baines.

26.     Defendant John Doe #3 entered the plaintiffs apartment at this time and asked "Have you searched him and this place for weapons?"

27.     Defendant John Doe #1 said "No" and at this time defendants John Doe #1 and John Doe #2, and John Doe #3 all began to search specific places in the defendants house.

28.  Defendant John Doe #3 searched the bathroom, Defendant John Doe #2 searched the hall closet and Defendant John Doe #1 searched the main living area.

29.  At this time there was no search warrant for plaintiffs home of 1475 2nd Ave. Apt. #5H N.Y. N.Y.

30.  There was no exigent circumstances which warranted the conduct of the defendants, which was unwarranted and unreasonable.

31.  Upon information and belief, there was no National Crime information Center Data lodged against the plaintiff at the time the defendants unlawfully entered his home and placed him into cuffs.

32.  Defendants, Conducted an unwarranted an unlawful search of plaintiffs home.

33.  Defendants, after securing plaintiff in his own home, without an arrest warrant, began to harass, annoy, threaten, cause pain, injure the plaintiff.

34.  Plaintiff was then taken out of his home and into the hall where he saw defendant John Doe #4 who said upon seeing the plaintiff "Is this the little fuck face who likes to beat on woman?'

35.  Defendant John Doe #4 then made a violent gesture which cause the plaintiff to recoil thinking he would be hit.

36.  All the defendants started laughing at the plaintiff, bringing shame and ridicule to him.

37.  Defendant John Doe #4 then said "get this little faggot out of here."

38.  Plaintiff was led onto the elevator by John Doe #1 and John Doe #2, where John Doe #2 told the Plaintiff "You're lucky she's not my daughter or I'd kill you right here." This statement was made while John Doe #2 was tapping his gun holster.

40.  As a direct and proximate result of the acts and ommissions of defendants, plaintiff suffered emotional distress, mental anguish, and pain and suffering, and was violated in the plaintiff home.

## VIOLATION OF CONSTITUTIONAL RIGHTS
## PURSUANT TO 42 U.S.C. 1983

41.   Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 40.

42.   The intentional, illegal search and host of severe malice violated the rights of the plaintiff guaranted by the Fourth Amendment of the United States Constitution.

43. The Amendments to the United States Constitution and such misconduct constitute a departure from the standards of decency that mark our society.

44.   Defendant City, John Doe #1, John Doe #2, John Doe #3, and John Doe #4 are individually liable and defendant City is liable for tolerating such misconduct.

45.   This policy and practice by defendant City encouraged and cause constitutional violations by the four John Doe Officers, including the violation of plaintiff home, property and physical well being by these four John Doe Officer, described in the foregoing paragraphs.

46.   Defendant City, and Defendant N.Y.P.D. refused to adequately train, direct, supervise, or control the four John Doe defendant so as to prevent the violation of plaintiff's Constitutional Right.

47.   The complaint states a preponderance of facts upon which relief can be granted.

48.   Defendant City, N.Y.P.D., Officer John Doe #1, Officer John Doe #2, Officer John Doe #3, and Officer John Doe #4, violated rights, privileges and immunities under the Constitutional laws of the United States and the State of New York and Subdivisions thereof.

49.   At all times relevant to the acts alleged in the complaint the duties and functions of the municipal defendants was to observe the constitution of the United States and laws of the state of New York, and defendant officers did not act reasonably in the lawful and proper exercise of their discretion and thus are not entitled to qualified immunity under 42 U.S.C. 1983.

50.   At all times mentioned herein defendants violated clearly

established Constitutional and Statutory rights of plaintiff of which a reasonable person would have known 42 U.S.C. 1983.

51.   All injury sustained resulted from the defendants own culpable and deliberate conduct with malice and was a proximate result of the act of the defendant City, the N.Y.P.D., and the four John Doe Officers named herein.

52.   Plaintiff claims are not barred in part, by the applicable statute of limitations, or barred by doctrines of Res Judicata or Collaterral Estoppel:

53.   Defendants provoked all incident.

54.   Punitive damages are warranted due to defendants deliberate conduct with malice.

## RELIEF SOUGHT

55.   Plaintiff's request an order declaring that the defendants have acted in violation of the United States Constitution.

56.   Plaintiff requests compensatory damages in the amount of $ 3,000,000, DOLLARS.

57.   Plaintiff also request Punitive damages in the amount of $ 4,000,000. Dollars for the defendants deliberate intentional conduct with malice.

Signed this 13th day of December, 2010

Donnell Baines Plaintiff

I declare under the penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing is true and correct.

Respectfully Submitted,

Donnell Baines Plaintiff

December 13, 2010
Dated;