UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DONNELL BAINES,

                              Plaintiff,

           -v-

CITY OF NEW YORK, et al.,

                          Defendants.
------------------------------------------------------------------------X

10-CV-9545 (JMF)

MEMORANDUM OPINION
AND ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/03/2016

JESSE M. FURMAN, United States District Judge:

      On December 17, 2015, the Court referred this case to the Honorable James L. Cott, United States Magistrate Judge, for general pretrial purposes. (Docket No. 130). On April 4, 2016, Plaintiff Donnell Baines, who is proceeding *pro se*, submitted a letter objecting, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, to certain discovery rulings made by Judge Cott during a telephone conference held on February 22, 2016. (Docket No. 153). In particular, Plaintiff objects to (1) Judge Cott's decision to deny his request to conduct an *in camera* review of his entire District Attorney of New York County ("DANY") criminal file and (2) Judge Cott's denial of his request to compel Defendants to disclose all training materials used at the Police Academy relating to consent to enter premises and search. The Court directed Defendants to file any response to Plaintiff's objections no later than April 13, 2016, and gave Plaintiff until April 22, 2016, to submit any reply. (Docket No. 154). Having reviewed the parties' papers, the Court overrules Plaintiff's objections and affirms Judge Cott's rulings in their entirety.

      Under Rule 72(a), a party may object to a magistrate judge's order on any non-dispositive motion referred by the assigned district judge. The district judge must "consider timely

objections and modify or set aside any part of the [magistrate judge's order] that is clearly erroneous or is contrary to law." Fed R. Civ. P. 72(a); *see also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007). An order is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004) (internal quotation marks omitted). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (internal quotation marks omitted). In the context of discovery disputes, courts have observed that a magistrate judge's resolution of a dispute "deserves substantial deference by the district court" and should be reversed only "if there is an abuse of discretion." *EEOC v. Mr. Gold, Inc.*, 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (internal quotation marks omitted).

Applying those standards here, the Court has no trouble overruling Plaintiff's objections to Judge Cott's rulings. First, Plaintiff fails to show that Judge Cott's denial of his request to conduct an *in camera* review of the entire DANY file was clearly erroneous or contrary to law. Judge Cott observed that the underlying criminal case "covered a wide variety of subjects, many of which are simply not implicated by the claims in [this] civil lawsuit." (February 22, 2016, Conf. Tr. (Docket No. 151) ("Tr.") 21). Plaintiff did not (and does not) contest the fact that relevant documents from his DANY file have already been produced to him during the course of discovery. (*See* Tr. 19). He nevertheless requested that the Court conduct an *in camera* review of the entire DANY file, principally because he believed that Defendants had withheld responsive documents from that file. (*See* Pl.'s Objs. Rulings (Docket No. 153) 2). But Plaintiff provided no support for that accusation. Contrary to Plaintiff's assertion that neither "the Defendants [n]or the DANY conduct[ed] a review of the subpoenaed file," (Pl.'s Ltr. Reply

2

Supp. Rule 72(a) Objs. (Docket No. 157) ("Pl.'s Reply") 4), Defendants have made clear that they went through the "seven boxes of documents" that make up the DANY file and concluded that "[v]ery, very little in that file had anything to do" with the remaining claims in this case (Tr. 26-27).  When asked to identify any particular documents he believed were being withheld, Plaintiff identified only a single police report and some telephone records (including telephone records from his own phone).  (*See* Tr. 28-31).  Judge Cott directed DANY and Defendants to search for those particular documents, but denied Plaintiff's request for *in camera* review.  (*See* Tr. 30, 38).  The Court finds nothing "clearly erroneous" or "contrary to law" in Judge Cott's reasonable resolution of that dispute.

     Plaintiff also objects to Judge Cott's refusal to require production of all training materials the officers may have been exposed to at the Police Academy.  Judge Cott did not accept Defendants' position that training materials are irrelevant to the Fourth Amendment analysis because objective reasonableness, not subjective state of mind, is the relevant benchmark.  (*See* Tr. 68-69).  Instead, Judge Cott agreed that training materials are within the scope of permissible discovery and required Defendants to produce relevant sections of the NYPD Patrol Guide, which the training is based on, but refused to order Defendants to produce all training materials on proportionality grounds.  (Tr. 69-70).  Plaintiff's arguments about the relevance of training materials are thus largely beside the point.  (*See* Pl.'s Reply 2-3).  Given the absence of any municipal liability claims against the City itself, and given the limited purpose for which the training materials are relevant to Plaintiff's remaining claims, the Court finds Judge Cott's resolution of that discovery dispute to be well within his discretion, and neither clearly erroneous nor contrary to law.

For those reasons and substantially for the reasons stated in Defendants' opposition (Docket No. 155), Plaintiff's objections are overruled and Judge Cott's rulings are affirmed in their entirety. The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Plaintiff.

SO ORDERED.

Date: May 3, 2016
New York, New York

JESSE M. FURMAN
United States District Judge