RECEIVED
MAY 12 2016
CHAMBERS OF
JAMES L. COTT
U.S.M.J.

```
         DONNELL BAINES #13A2136
         FIVE POINTS CORRECTIONAL FACILITY
         STATE ROUTE 96, P.O. BOX 119
           ROMULUS, NEW YORK, 14541
```

May 2, 2016.

HONORABLE JAMES L. COTT
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
PRO SE OFFICE, ROOM 230
NEW YORK, N.Y., 10007

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: ~~May 13, 2016~~

Re: <u>Donnell Baines v. White, et al.</u>, 10-Civ.-9545 (JMF)(JLC)

Your Honor:

    I am the Plaintiff in the above referenced matter proceeding pro se. Plaintiff writes to respectfully request that this Court issue a protective Order limiting the scope of the oral examination being conducted by the Defendants on the grounds that the examination is being conducted in bad faith and/or in a manner as unreasonably to annoy, embarrass, oppress, or cause undue burden to the Plaintiff, pursuant to **Fed.R.Civ.P. Rules 26(c) & 30(b)(c)(d)**. Additionally, Plaintiff respectfully requests that the Court's Order forbid the Defendants from inquiring into the matters stated infra; stay the continuation of the Defendants' oral examination of Plaintiff until the instant motion is resolved; and, require that certain portions of the deposition testimony which Plaintiff gave during the April 27, 2016, Court Ordered examination be sealed and opened only on Order of this Court; and, for any other and further relief which as to this Court may seem Just and Proper.

    To provide the Court with background, on or about December 8, 2009, the Officers named herein as Defendants entered into and did search Plaintiff's home without possession of a warrant and without exigent circumstances necessitating such an entry. The Defendants also used excessive force against the Plaintiff while in Plaintiff's home. The Plaintiff brought this action seeking redress for each Defendant Officers' violation of his Fourth Amendment rights. After the Honorable Jesse M. Furman (U.S.D.J.) determined that Plaintiff's complaint states a claim as to the above violations, the Plaintiff

and the Defendants began engaging in discovery in July of 2015.

Several months later, on or about April 15, 2016, the Defendants requested and were granted leave to take the Plaintiff's deposition by video conference (Ex. "A", Apr. 15, 2016, letter motion by the Defendants & Apr. 15, 2016, Court Order). This Order directed that said deposition be taken on April 27, 2016, at 10:00 a.m. As a result, this deposition was scheduled less than fourteen (14) days from the date of the Court Order granting it. However, Plaintiff, who had no notice of said deposition, did not receive any notice of this Court's above mentioned Order, from either the Defendants or from the Clerk of the Court, until about thirty-six (36) hours before the deposition was scheduled to be held (Ex. "B", copy of envelope which contained this Court's Order dated Apr. 15, 2016). It should additionally be noted that the date of the post mark on the envelope (4/18/2016) and the date on which it was received by the facility where Plaintiff is located (Apr. 25, 2016) shows that Plaintiff was not given proper notice and time to prepare. Because of this, Plaintiff requests that from this point forward, any Court Orders be mailed to the Plaintiff by either overnight or next-day mail at the expense of the Defendants.

Furthermore, due to the short period of time (less than 36 hours) in which Plaintiff had to prepare for this deposition, Plaintiff was unable to answer certain of the Defendants' questions intelligently and fully. What made matters worse is when the Defendants' attorney, Phillip S. Frank, purposely informed Plaintiff incorrectly that the Plaintiff could not object to any questions no matter what the grounds which caused the Plaintiff, who believed attorney Frank's statements, to fail to object to the form of questions, the sheer irrelevance of a majority of questions, the clear inappropriateness of questions, and the embarrassment, annoyance, and improper oppressive nature of other questions. For instance, Plaintiff was asked about his sexual history with numerous women who have absolutely nothing to do with whether the Defendants acted reasonably under the Fourth Amendment on the night complained of. These questions about Plaintiff's sexual exploits pertained to time periods well before the events in the instant complaint and there answers could in no way reasonably lead to discoverable information. Attorney Frank's line of questioning constituted clear harassment and were unquestionably beyond the

-2-

scope of the issues in this law suit. During the deposition, attorney Frank also questioned Plaintiff about his criminal history and about his current convictions, seeking to ascertain the underlying facts of each. When the Plaintiff objected on grounds of Fifth Amendment privilege, said attorney instructed Plaintiff that he must answer the question and did so in an abusive manner causing Plaintiff to not only answer the question but to also subject himself to incrimination in violation of Plaintiff's Fifth Amendment rights. Plaintiff explained to said attorney that the likelihood of reversal of his conviction and a new trial was almost assured to the Plaintiff due to the State court denying Plaintiff his Sixth Amendment right to counsel for a duration of two years prior to trial. Plaintiff also explained to said attorney that any questions as to the underlying facts of any crime which he is currently incarcerated for would necessitate responses that could incriminate Plaintiff on the retrial of the State court indictment. Nevertheless, attorney Frank continued to question the Plaintiff about these matters eliciting responses that may have incriminated Plaintiff in criminal activity, all in bad faith and in a manner designed to unreasonably annoy, embarrass, oppress, and cause undue burden to the Plaintiff. It was because of attorney Frank's conduct at the deposition that Plaintiff was unreasonably annoyed, embarrassed, oppressed, and these undue burdens caused Plaintiff to be prejudiced by the waiving of his objections to questions and his Fifth Amendment privileges.

Pursuant to **Rule 26(c)** and **Rule 30(b)(c)(d)** of the **Fed.R.Civ.P.**, the scope of examination on taking of Plaintiff's deposition may be limited by this Court on proper showing. **Stankewicz v. Pilsbury Flour Mills Co., 26 F.Supp. 1003 (S.D.N.Y. 1939).** These **Rules** permit and authorize this Court to limit and circumscribe the scope of pretrial examination in order to avoid wasting time and the expense involved in inquiring into matters which may prove to be unnecessary. **Poloroid Corp. v. Commerce Intern. Co. 20 F.R.D. 394 (S.D.N.Y. 1957).** Because all phases of depositions on oral examination are subject to control by the Court (See, **Eastern State Petroleum v. Asiatic Petroleum Corp., 27 F.Supp. 121 [S.D.N.Y. 1938]**), when the line of questioning constitutes harassment, invades some privilege, or is unquestionably beyond the scope of the issues of the law suit, any questions of relevancy or materiality are to be determined by the Court, and this determination is left to the sound discretion of the Court. (**Amco Engineering Co. v.**

Bud Radio, Inc., 38 F.R.D. 51 (N.D. Ohio 1956); De Wagenknecht v. Stinnes, 243 F.2d 413 (D.C. Cir. 1957), cert. den. 355 U.S. 830 (1957)).

It is not uncommon for a court to limit the scope of examination where, as here, the examiner insistently questioned a deponent as to privileged matter (See, **Magida on Behalf of Vulcan Detinning Co. v. Continental Can. Co., 12 F.R.D. 74 [S.D.N.Y. 1951]**), where the examiner had gone too far afield (See, **Pittsburgh Plate Glass Co. v. Allied Chemical Alkai Workers of America, Local Union 1, 11 F.R.D. 518 [N.D.Ohio 1951]**), or, where the examiner's purpose was to discover trial preparation materials and irrelevant information (See, **Schweinert v. Ins. Co. of North America, 1 F.R.D. 247 [S.D.N.Y. 1940]**).

Plaintiff did confer in good faith with the Defendants attorneys at the above examination in an attempt to resolve this dispute without any action from this Court. However, because of the conduct of counsel and the fact that Plaintiff was incorrectly informed as to his rights by counsel during the examination, this effort proved to be unsuccessful. Such good faith conference appears on the record of the April 27, 2016 deposition. See, **Fed R. Civ.P Rule 26(c) & 30(d)**.

Plaintiff, accordingly, requests that this Court issue a protective Order limiting the Defendants from inquiring into any criminal conduct, criminal charge, or facts related thereto, that have no bearing on the issues in the instant complaint. In other words, Plaintiff requests that the Court limit the Defendants from inquiring into any matter related to any crime charged in New York State indictment #5299/2010, with the exception of Count #9 therein, as said count is relevant to the instant matter (**Polycast Technology Corp. v. Uniroyal, Inc., 129 F.R.D. 621 [S.D.N.Y. 1990]**).

Furthermore, as the Plaintiff's sexual history; the names of persons who Plaintiff engaged in sexual relationships with; and, the contours of his relationships with such people, are matters so far afield from the issues in this lawsuit that Plaintiff deserves the Court's protection. As such, Plaintiff requests that the Court's Order also forbid the Defendants from inquiring into any of these matters or any other matter which is unquestionably irrelevant or not reasonably calculated to lead to admissible evidence (**Lowe's of Roanoke, Inc. v. Jefferson Standard Life Ins. Co., 219 F.Supp. 181**

[S.D.N.Y. 1963]).

Additionally, because Plaintiff failed to object to the Defendants' questioning as a direct an proximate result of the conduct of counsel, and as such may have waived his rights and privileges, Plaintiff requests that this Court seal all testimony resulting from the April 27, 2016, deposition, or any necessary portions thereof (See, **In re Zyprexa Injunction, 474 F.Supp.2d 385 [E.D.N.Y. 2007]**). Because of Defense counsel's misconduct where he purposely erroneously informed the counseless pro se Plaintiff that he could not object to questions either on Constitutional or statutory grounds, the above requested relief is one of equity. Counsel's conduct should not be condoned by this Court. Nor should the Defendants be allowed to benefit from any information they have obtained as a result of that misconduct. As the Plaintiff requests that protection of the Court so that situations like this have less of a likelihood of reoccurring, this Court should direct the Defendant to produce the entire transcript to this Court so that it may be sealed and only opened thereafter upon Order of this Court, or, sealing the relevant portions of said transcript in like fashion (See, **Intern. Products Corp v. Koons, 325 F.2d 403 [2nd Cir. 1963]**).

As an alternative, Plaintiff requests that any of his rights and privileges that were affected by counsel's improper conduct, not be considered waived by the Plaintiff's failure to object, and that the Plaintiff be allowed to assert such rights and privileges, if need be, at any time in the future.

Lastly, an Order staying the continuation of the Plaintiff's oral examination until the instant motion is resolved is justifiable in this instance. To begin with, the Defendants have already shown their willful disregard for the scope of a proper oral examination in this matter. They have also shown that engaging in attorney misconduct while conducting an oral examination is not an action that causes them to lose sleep. To subject the Plaintiff to further abuse in this fashion, without this Court giving the parties guidance and direction in these matters will only lead to further prejudice to the Plaintiff. Prejudice is what is likely to occur, again, if these depositions are not stayed until this Court resolves the issues herein.

Therefore a stay of any further examination of the Plaintiff should be granted until twenty days after the determination of the instant motion.

Accordingly, Plaintiff respectfully requests that the Court GRANT unto him the relief(s) requested herein; or in the alternative, schedule a hearing so that these matters may be further eeplored; and GRANT unto the Plaintiff any additional or further relief whic to this Court may seem Just and Proper.

Plaintiff thanks the Court for its time and consideration of the issues herein.

                                          **Respectfully Submitted,**

**DONNELL BAINES, PLAINTIFF, PRO SE**
**FIVE POINTS CORRECTIONAL FACILITY**
**STATE ROUTE 96, P.O. BOX 119**
**ROMULUS, NEW YORK, 14541**

**FIVE POINTS CORRECTIONAL FACILITY**
STATE ROUTE 96, P.O. BOX 119
ROMULUS, NEW YORK 14541

NAME: Donnell Baines  DIN: 13A2136  LOC: 8-B2-26

Five Points Correctional Facility



Honorable James L. Cott
United States Magistrate Judge
Southern District of New York
500 Pearl Street
Pro Se Office, Room 230
New York, New York, 10007

neopost
05/09/2016
US POSTAGE $00
FIRST
041N11

100007#1330 C014