UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                :

DONNELL BAINES,                             :
                                                :

                       Plaintiff,            :                 10-CV-9545 (JMF)
                                                :

          -v-                               :            MEMORANDUM OPINION
                                                :                 AND ORDER

THE CITY OF NEW YORK, et al.,           :
                                                :

                       Defendants.          :
                                                :

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/09/2017

JESSE M. FURMAN, United States District Judge:

        Plaintiff Donnell Baines, a state prisoner proceeding *pro se*, brings claims, pursuant to

Title 42, United States Code, Section 1983, against several officers from the New York City

Police Department arising from the entry into, and search of, his apartment in December 2009.[1]

In prior opinions, familiarity with which is assumed, the Court granted in part and denied in part

motions to dismiss Baines's claims. *See Baines v. City of N.Y.*, No. 10-CV-9545 (JMF), 2014

WL 1087973 (S.D.N.Y. Mar. 19, 2014) (dismissing claims against City of New York); *Baines v.

City of N.Y.*, No. 10-CV-9545 (JMF), 2015 WL 3555758 (S.D.N.Y. June 8, 2015) (dismissing

Plaintiff's equal protection, due process, and conspiracy claims). The remaining Defendants

now move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment

on Baines's surviving claims, for unlawful entry, unreasonable search, excessive force, and

failure to intervene. For the reasons that follow, the motion is largely denied.

---

[1]         Baines filed his initial complaint in 2010, but his case was stayed for a while because he
was being prosecuted in state court. (Docket Nos. 12, 34).

First, Defendants' arguments with respect to Baines's unlawful entry claims and their primary argument with respect to his unlawful search claim — that the search was a lawful "protective sweep" — are borderline sanctionable. In their motion to dismiss, Defendants relied on *dictum* in *Georgia v. Randolph*, 547 U.S. 103 (2006), to argue that they were authorized to enter Baines's apartment to protect his erstwhile companion, Kimberly Mitchell, the alleged victim of domestic violence — or, in the alternative, that they had qualified immunity on that basis. *See Baines*, 2015 WL 3555758, at *6. Defendants asserted that the search of the apartment was a lawful protective sweep. *See id.* at *9. The Court rejected those arguments, holding with respect to the unlawful-entry claims that "nothing in *Randolph* suggests that an officer may enter a residence to accompany a party who does not have actual or apparent common authority over that residence, at least absent exigent circumstances." *Id.* at *7. If the Officers unlawfully entered Baines's apartment, the Court continued, they could not rely on the protective-sweep doctrine to conduct a search. *See id.* at *9. Strikingly, in their present motion, Defendants do not contend that the facts are different than the Court took them to be when deciding the motion to dismiss. (Nor could they: Baines testified that he told the Officers that Mitchell no longer lived in his apartment and that Mitchell confirmed that herself. (Docket No. 205 ("Pl.'s SOF") ¶¶ 54-56, 59-61).) Instead, with barely an acknowledgment of the Court's prior ruling, Defendants recycle the very arguments that the Court already rejected. Defendants' arguments are no more persuasive the second time around.

By contrast, Defendants seek to dismiss Baines's excessive force claims for the first time, but their arguments can also be swiftly rejected. Baines testified that (1) an officer at the scene cuffed his hands behind his back and lifted him using the handcuffs until his arms were in the air behind him and he was doubled over; (2) he was held in that position for over a minute, during

which time he was screaming, and he eventually heard a "popping sound" in his shoulder; (3) the officer then pulled downward on the handcuffs with enough force to slam him down on the floor; and (4) at no point did he resist arrest. (Docket No. 190 ("Englert Decl."), Ex. G ("Baines Depo."), at 301-03, 305-06). If that account is true, a reasonable jury could conclude that the officer's use of force was objectively unreasonable and thus excessive. *See Yang Feng Zhao v. City of N.Y.*, 656 F. Supp. 2d 375, 389-91 (S.D.N.Y. 2009) (finding excessive force where officers pressed the plaintiff's head down against a table without any legitimate justification for doing so); *Johnson v. City of N.Y.*, No. 05-CV-2357 (SHS), 2006 WL 2354815, at *5 (S.D.N.Y. Aug. 14, 2006) (denying summary judgment on a claim of excessive force and noting that "there surely would be no objective need to 'stomp' and 'kick' an individual already under police control"); *Pierre-Antoine v. City of N.Y.*, No. 04-CV-6987 (GEL), 2006 WL 1292076, at *4 (S.D.N.Y. May 9, 2006) (noting that it is "much harder" to show that force was necessary to effect an arrest when the suspect is already handcuffed); *see generally Graham v. Connor*, 490 U.S. 386, 395-96 (1989) (discussing the standards applicable to excessive force claims).

Defendants' sole argument to the contrary is that the force used against Baines was *de minimis*. (Docket No. 191 ("Defs.' Mem."), at 12-14). In support of that argument, they cite the fact that he did not seek medical treatment after the incident and his testimony that, when he and an officer were discussing his injuries at the precinct after his arrest, they "laughed it off." (*Id.* at 14). Considered in context, however, Baines's testimony about "laugh[ing] it off" is more ambiguous than Defendants let on; in fact, it arguably corroborates the fact that Baines was injured in some fashion. And while the lack of medical treatment evidence "may ultimately weigh against [Baines] in the minds of the jury in assessing whether the force used was excessive," the law is clear that it is not dispositive of his excessive form claim. *Robison v. Via*,

821 F.2d 913, 924 (2d Cir. 1987); *accord Blair v. City of N.Y.*, No. 03-CV-1485 (SLT) (CLP), 2009 WL 959547, at *11 (E.D.N.Y. Mar. 31, 2009); *see also, e.g.*, *Franks v. New Rochelle Police Dep't*, No. 13-CV-636 (ER), 2015 WL 4922906, at *15 (S.D.N.Y. Aug. 18, 2015) (denying summary judgment even though the plaintiff failed to "allege any major injury stemming from the purported choking to which he was subjected during his arrest" because the reasonableness of the force was a factual question "best left to the considered judgment of a jury"); *Yang Feng Zhao*, 656 F. Supp. 2d at 389-91 (noting the fact that there was no record of plaintiff seeking medical treatment for his alleged injury but still finding that officer used excessive force). Accordingly, Defendants' motion for summary judgment is denied with respect to Baines's excessive force claim as well.

Only one other argument by Defendants warrants any discussion: that Baines's unlawful search and failure-to-intervene claims fail (at least as to some Defendants) because Baines has not identified which officers were involved. (Defs.' Mem. 9, 14-15). It is well settled "that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001) (internal quotation marks and brackets omitted). A police officer, however, "has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers." *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988). Thus, an officer is liable if he or she "observes or has reason to know . . . that any constitutional violation has been committed by a law enforcement official" and the officer had "a realistic opportunity to intervene" to stop the violation. *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) (citations omitted). Ultimately, "[w]hether an officer had sufficient time to intercede or was capable of preventing the harm being caused by another officer is an issue of fact for the

jury unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." *Id.*

Applying those standards here, the Court agrees that Baines's failure-to-intervene claims against Officers Michael Delmerico, Chris McNerney, and Joseph Cutrone fail as a matter of law. Each of those Defendants claims that he was not involved in the Officers' "entry" into, or "search of," Baines's apartment. (Englert Decl., Ex. Q ("Delmerico Decl.") ¶ 5; Englert Decl., Ex. R ("McNerney Decl.") ¶ 5; Englert Decl., Ex. S ("Cutrone Decl.") ¶ 5). And while there is some evidence from which a jury could infer that the three Officers were at the scene (*see, e.g.*, Pl.'s SOF ¶ 34; Baines Decl., Ex. D ("Valentin Letter"), at 2), Baines cites no evidence from which a jury could find that they knew (or had reason to know) of the alleged violations, let alone that they had a "realistic opportunity" to stop them. Baines's arguments to the contrary rest on speculation that Officer Brian White would have briefed his fellow officers regarding the telephone call between Mitchell and Baines in advance of the first entry and that Officers Delmerico, McNerney, and Cutrone must have heard what was going on inside the apartment (for example, because noise travels easily between the apartment and the hallway, an officer walked into the hallway and asked in "a really loud voice" for Mitchell's consent to search the apartment, and Baines screamed at the "top of [his] lungs" when he was subjected force). (Docket No. 206 ("Pl.'s Opp'n"), at 20; Pl.'s SOF ¶¶ 24-25, 59-61, 83-85; Baines Depo. 291, 303, 308). Such speculation, however, is insufficient to avoid summary judgment. *See, e.g.*, *Golden Pac. Bancorp v. FDIC*, 375 F.3d 196, 200 (2d Cir. 2004) (noting that to defeat a summary judgment motion, "[t]he non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful" (internal quotation marks omitted)).

For similar reasons, Baines's failure-to-intervene claims against Officer O'Donoghue fail with respect to the initial alleged unlawful entry (and related allegations). Notably, Baines concedes that Officer O'Donoghue "was never physically present on the scene." (Pl.'s Opp'n 22). And while he asserts that Officer O'Donoghue was present for the telephone call between Mitchell and Baines in which Baines stated (and Mitchell conceded) that she no longer lived in the apartment (Pl.'s Opp'n 22), he provides no actual evidence to back up that conclusory assertion. (Additionally, even if Officer O'Donoghue was present for the telephone call, it does not follow that he would have known that the Officers were going to enter the apartment over Baines's objection.) By contrast, Baines's claim against Officer O'Donoghue survives with respect to the *second* alleged unlawful entry into the apartment. Baines alleges that, after he was placed in a holding cell, Officer O'Donoghue informed him that other officers were going to escort Mitchell back to his apartment to help retrieve her belongings. (Pl.'s SOF ¶ 76). Baines claims that he objected and asked Officer O'Donoghue to intervene, but Officer O'Donoghue refused and told him to bring a civil suit against Mitchell instead. (*Id.* ¶¶ 77-78; Baines Depo. 317-18). Drawing all inferences in Baines's favor, a reasonable jury could find from that evidence that Officer O'Donoghue knew about the alleged violation and had a "realistic opportunity" to intervene and stop the second entry. *Anderson*, 17 F.3d at 557.

That leaves Baines's claims against Officers Brian White, Peter Guyheen, Joseph Leonard, and John Christmann. Because Officers White and Guyheen were in the apartment at the time of Baines's arrest (Docket No. 189 ("Defs.' SOF") ¶¶ 3-6, 8-9, 31), a reasonable jury could infer that they were involved in the search immediately thereafter or had a realistic opportunity to stop it. But whether there is sufficient evidence to support the claims against Officers Leonard and Christmann is a closer question, as there is no evidence with respect to

whether they were inside the apartment and Baines does not identify the three Officers who conducted the search. Three considerations, however, cause the Court to err on the side of allowing Baines's claims against Officers Leonard and Christmann to proceed. First, if Baines was subjected to the force that he alleges, it is hardly surprising that he would be unable to "identify[] which of the defendant officers specifically engaged in the" allegedly unlawful search. *Tieman v. City of Newburgh*, No. 13-CV-4178 (KMK), 2015 WL 1379652, at *26 (S.D.N.Y. Mar. 26, 2015). Second, Baines did provide a physical description of the three officers involved in the search and requested, but was not provided with, photographs of the Defendant Officers for the purpose of identification. (*See* Baines Depo. 316-17; Baines Depo. 261; Pl.'s Opp'n 12, n.2). At trial, therefore, he might very well be able to identify the involved Officers. *Cf. Universal Calvary Church v. City of N.Y.*, No. 96-CV-4606 (RPP), 2000 WL 1538019, at *18 (S.D.N.Y. Oct. 17, 2000) (granting summary judgment on Section 1983 claims for lack of personal involvement where plaintiff had "photographs of all of the named Defendants" but "never identified any of the named Defendants, either by name, description, photograph, or witness testimony at any time"). And third, because Baines proceeds *pro se* he warrants "special solicitude" from the Court. *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).

For the foregoing reasons, the Court grants summary judgment with respect to (1) Baines's claims against Officers Delmerico, McNerney, and Cutrone; and (2) his claim against Officer O'Donoghue with respect to the initial alleged unlawful entry (and related allegations). Otherwise, Defendants' motion for summary judgment is denied. In light of the substance of Baines's surviving claims and the need for trial to resolve them, the Court exercises its discretion under Title 28, United States Code, Section 1915(e)(1), and will seek to obtain *pro*

*bono* counsel for Baines. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989).

Further, the Court believes — in light of this ruling; the possibility that Baines will obtain

counsel in short order; and the fact that Baines's injuries, if any, were relatively minor — that the

parties should attempt to settle the case without the need for trial. To that end, by separate Order

to be entered today, the Court is referring the case **for settlement-purposes only** to the assigned

Magistrate Judge (the Honorable James L. Cott). **No later than one week after *pro bono***

**counsel enters a notice of appearance or September 29, 2017, whichever is earlier**, the

parties shall contact the Chambers of Magistrate Judge Cott to schedule a settlement conference

as soon as possible. In the event that the case does not settle, the Court will issue a further Order

with respect to the timing and procedures leading up to trial (the details of which will depend on

whether Baines is represented or not).

The Clerk of Court is directed to terminate Docket No. 187; to terminate Officers

Delmerico, McNerney, and Cutrone as Defendants; and to mail Baines a copy of this Opinion

and Order.

This Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that

any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus

denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Date: August 9, 2017
New York, New York

_____
JESSE M. FURMAN
United States District Judge