

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DANIEL G. SAAVEDRA**
*Assistant Corporation Counsel*
phone: (212) 356-0892
fax: (212) 356-3509
dsaavedr@law.nyc.gov

June 27, 2018

**By ECF**
Honorable Sidney H. Stein
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: Donnell Baines v. City of New York, et al.
10 Civ. 9545 (SHS)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York and one of the attorneys assigned to represent defendants White, Guiheen, and Leonard (hereinafter "defendants") at the ongoing trial before this Court. Defendants write to clarify their position regarding *Payton v. New York*, 445 U.S. 573 (1980).

Plaintiff's counsel has posited that—separate and apart from the fact that there was probable cause to arrest plaintiff—plaintiff's arrest was unlawful because it occurred within his home, absent a warrant. This argument should be unpersuasive for a number of reasons. Chief among them is the fact that there is only one definition for whether an arrest is lawful pursuant to the Fourth Amendment: whether there was probable cause. To argue that a second analysis exists (i.e. to require courts to examine where the arrest occurred) would be to turn the entire "false arrest" jurisprudence on its head. *See, e.g., Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir. 1996) ("[t]he existence of probable cause to arrest constitutes justification and 'is a *complete defense* to an action for false arrest…'") (internal citations omitted) (emphasis added).

Probable cause for an arrest can be conclusively established by way of a criminal conviction on the arrest charges. *Id.* ("If, following the arrest, the plaintiff was convicted of the charges against him, that conviction normally 'would be conclusive evidence of probable cause.'"). In other words, plaintiff's criminal conviction in this case "conclusively establishes that there was probable cause for his arrest." *Williams v. City of New York Police Department,* 06 Civ. 6053 (BMC), 2007 U.S. Dist. LEXIS 63455, at *2. Therefore, because there was probable cause for plaintiff's arrest, plaintiff's arrest was lawful.

The Court in *Payton* found that police officers cannot enter a residence to effectuate a felony arrest. *See generally Payton v. New York*, 445 U.S. 573 (1980). However, the Court in *Payton* was concerned with the suppression of evidence recovered during an unlawful entry into this home. First, the "fruit of the poisonous tree" doctrine does not apply in a federal civil matter. *Townes v. City of New York*, 176 F.3d 138, 149 (2d Cir. 1999). Furthermore, and more directly to the point, plaintiff was convicted of the crimes for which he was arrested. By definition, plaintiff therefore had an opportunity to litigate the legality of his *arrest* and prosecution in criminal court. He cannot, now, call into question the validity of his criminal conviction—and in turn the validity of his *arrest* and prosecution—in a civil proceeding. *See Heck v. Humphrey,* 512 U.S. 477, 486-487 (a plaintiff cannot bring a claim for damages under Section 1983 if a judgment in the plaintiff's favor would "necessarily imply the invalidity of his conviction," unless "the conviction or sentence has been reversed on direct appeal…"). The *Heck* bar exists in order to avoid "parallel litigation over the issues of probable cause and guilt" and prevents the creation of "two conflicting resolutions arising out of the same or identical transactions. *Id.* at 484. Therefore, the holding in *Payton* does not diminish the fact that plaintiff's arrest, in this case, was lawful and the jury should be instructed accordingly.

Defendants thank the Court for its attention to this matter.

Respectfully submitted,

/s/

Daniel G. Saavedra
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: All counsel of record (by ECF)